United States District Court
Southern District of Texas
**ENTERED**
December 31, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XIADONG LI, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-3248 |
| | § | |
| FIDELITY INVESTMENT LIMITED | § | |
| and DDX GROUP INVESTMENT, | § | |
| LLC d/b/a DONG TIN CHINESE | § | |
| RESTAURANT, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Fidelity Investment Limited's ("Fidelity") Rule 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) Motion to Dismiss and Motion for Relief from a Final Judgment (the "Motion to Dismiss") [Doc. # 5] and Plaintiff Xiaodong Li's ("Plaintiff" or "Li")[1] Motion to Abstain and to Remand (the "Motion to Remand") [Doc. # 6]. Fidelity filed a Motion for Severance and Response in Opposition to Plaintiff's Motion to Remand (the "Response") [Doc. # 7]. Li did not timely respond to the Motion to Dismiss. Defendant DDX Group Investment, LLC ("DDX") has not appeared in this action. The Motions are now

---

[1] Fidelity appears to have misspelled Plaintiff's name as "Xiadong" in its Notice of Removal [Doc. # 1]. Consequently, the case was docketed in this Court with the misspelling in the caption.

ripe for determination. After carefully considering the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants** Plaintiff's Motion to Remand because the Court lacks subject matter jurisdiction. The Court is therefore without jurisdiction to rule on the remaining Motions.

## I. BACKGROUND

The case at bar appears to be the latest stage in litigation beginning in 2007. Plaintiff Li filed his Original Petition and Requests for Disclosure in the District Court of Harris County, Texas, on June 26, 2013, in which he asserted various Texas state property law claims against Fidelity.[2] On December 23, 2013, Li filed a First Amended Petition (the "Amended Petition"), which is the operative pleading in this action.[3] In the Amended Petition, Li named DDX as a defendant and asserted a claim against both Fidelity and DDX under section 24.005 the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COM. CODE § 24.001 *et seq*. The Amended Petition does not include the Texas state property law claims.

The subject of Li's fraudulent transfer claim is a condominium located in Harris County. Li alleges that DDX sued him in 2007, but that case was dismissed

---

[2]   Notice of Removal, Exh. B, Plaintiff's Original Petition and Requests for Disclosure, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. June 26, 2013) [Doc. # 1-2], at ECF pages 1–7.

[3]   Notice of Removal, Exh. C, Plaintiff's First Amended Petition, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Dec. 23, 2013) [Doc. # 1-2], at ECF pages 8–13.

with prejudice in 2008. Amended Petition [Doc. # 1-2], at 2 (ECF page 10), ¶¶ 10–11. Li claims that DDX nevertheless obtained a default judgment against Li in early 2009 of which he was not aware until DDX sought to execute its default judgment against the condominium, which Li claims to have owned at the time. *Id.*, at 2–3 (ECF pages 10–11), ¶ 13. Li alleges that he then filed a petition for review of the default judgment in late 2009, on which he was ultimately successful on appeal in 2013. *Id.*, ¶¶ 14, 17–18. Li also represents that he filed a Notice of Lis Pendens in connection with the condominium in 2011. *Id.*, ¶ 15. While Li was challenging the default judgment, the condominium was sold at a constable's sale to Yi Zhi Qun in 2010, who in turn conveyed the property to Fidelity after the filing of the Notice of Lis Pendens. *Id.*, ¶¶ 14, 16.

Li commenced this action in Texas state court, in which he now alleges that the transfers of the condominium to Yi Zhi Qun and Fidelity were fraudulent.[4] Li served Fidelity and DDX through service on the Texas Secretary of State and then obtained a default judgment on his fraudulent transfer claim on July 31, 2015, because Fidelity and DDX did not answer.[5] One month later, Fidelity entered a

---

[4]   Yi Zhi Qun has not been named as a defendant in this action.

[5]   Notice of Removal, Exh. F, Default Judgment, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. July 31, 2015) [Doc. # 1-2], at ECF pages 20–22.

special appearance in the Texas state court to challenge the sufficiency of service of process and moved for a new trial.[6] On October 6, 2015, the state court denied Fidelity's motion for a new trial and found that "Defendants were properly served with this suit."[7] Fidelity filed a motion for reconsideration in state court on October 28, 2015,[8] but then removed the case to federal court on November 4, 2015, pursuant to 28 U.S.C. § 1441, on the basis of diversity of citizenship.[9]

Plaintiff Li has moved to remand for lack of complete diversity of citizenship. It is undisputed that Fidelity is a Hong Kong citizen,[10] and both Li and DDX[11] are Texas citizens for the purposes of diversity jurisdiction. Fidelity

---

[6] Notice of Removal, Exhs. G–M [Doc. # 1-2], at ECF pages 23–44, [Doc. # 1-3], at ECF pages 1–27.

[7] Notice of Removal, Exh. N, Order Denying Defendants' Motion for a New Trial and Special Appearance, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Oct. 6, 2015) [Doc. # 1-3], at ECF page 29.

[8] Notice of Removal, Exh. P, Defendant Fidelity Investment Limited's Motion to Reconsider Special Appearance Challenges & Motions to Dismiss Based on Lack of Service, Lack of Personal Jurisdiction, & Rule 91a, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Oct. 28, 2015) [Doc. # 1-3], at ECF pages 34–46.

[9] Notice of Removal [Doc. # 1], at 1, ¶ 1.1.

[10] Notice of Removal, Exh. H, Defendant, Fidelity Investment Limited, Special Appearance Challenging Personal Jurisdiction, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Aug. 28, 2015), Exh. A, Verification of Zheng Zhao Kang [Doc. # 1-2], at 1 (ECF page 37).

[11] DDX appears to be a Texas limited liability company. *See* Amended Petition [Doc. # 1-2], at 2 (ECF page 10), ¶ 4 (alleging that DDX "is a Texas limited
(continued…)

contends that the Court should disregard DDX's citizenship because DDX was improperly joined.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d. 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be

---

(continued…)
liability company and may be served with process by serving its registered agent Ziguang Lu at 11700 Bissonet Street, #1802, Houston, Texas 77099"). Plaintiff has previously introduced sworn testimony that DDX is a Texas citizen. *See* Notice of Removal, Exh. J, Plaintiff's Response to Defendant Fidelity Investment Limited's Motion for a New Trial, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Sept. 21, 2015) [Doc. # 1-3], at 4 (ECF page 5), ¶ 21 ("Second named defendant, DDX Group Investment, LLC is a Texas limited liability company."); *id.*, Affidavit of Ann T. Ngo in Support of Plaintiff's Response to Defendants' Motion for New Trial [Doc. # 1-3], at 7 (ECF page 8) (attesting to personal knowledge of "the facts alleged in Plaintiff's Response to Defendant Fidelity Investment Limited's Motion for New Trial"). Defendant Fidelity has not introduced any evidence to controvert that DDX is a Texas citizen. Because Fidelity bears the burden of establishing diversity of citizenship, *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014), and all ambiguities must be construed against removal jurisdiction, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003), the Court concludes that DDX is a Texas citizen.

According to Li, DDX's "charter with the Texas Secretary of State was forfeited for failure to file franchise taxes on February 8, 2013." Motion to Remand [Doc. # 6], at 1, ¶ 3. Fidelity describes DDX as a "dissolved corporation incorporated in Texas," Notice of Removal [Doc. # 1], at 2, ¶ 2.2, but that terminology is inconsistent with DDX's status as a limited liability company. In any event, the exact status of DDX is not pertinent to the Court's subject matter jurisdiction.

expanded by judicial decree." *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377).  Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court.  *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

District courts have both federal question jurisdiction and diversity jurisdiction.  Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014).  The removing party bears the burden of establishing both the existence of federal

subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

### III.   ANALYSIS

Defendant Fidelity asserts that this Court has subject matter jurisdiction based on complete diversity of the parties. *See* 28 U.S.C. § 1332. As a Hong Kong citizen, Fidelity's citizenship is diverse from that of Li, who is a Texas citizen. Defendant DDX, however, is also a Texas citizen. To obtain federal jurisdiction over this action, Fidelity must therefore show that DDX was improperly joined. The Court concludes that Fidelity has not carried its heavy burden of showing that Li improperly joined DDX.

#### A.   Improper Joinder

A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.*, at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278,

281–82 (5th Cir. 2007). "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d. 568, 574 (5th Cir. 2004). "Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699); *accord B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Fidelity does not allege actual fraud in Li's pleading of the jurisdictional facts in this case nor does it contend that Li cannot establish a cause of action against DDX. Instead, Fidelity urges the Court to adopt the theory of fraudulent misjoinder as a third ground for finding improper joinder. The Eleventh Circuit formulated the theory of fraudulent misjoinder in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the plaintiffs brought a class action alleging distinct sets of claims against two different groups of defendants. While one group of defendants was completely diverse from the plaintiffs, the other group was not. Although some of the plaintiffs potentially had claims against both groups of defendants, the Eleventh Circuit held that there was "no real connection" between the two sets of claims and that the case involved two unrelated putative class actions. The Eleventh Circuit concluded that while "mere misjoinder" is not necessarily "fraudulent joinder," in this particular case, the

plaintiffs' "attempt to join these parties [was] so egregious as to constitute fraudulent joinder." *Id.*, at 1360.  Unlike fraud in the pleadings and failure to establish a cause of action, fraudulent misjoinder analysis looks at the relationship between two potentially valid causes of action.

The Fifth Circuit has noted the existence of *Tapscott* in *dicta*, but it has not explicitly added fraudulent misjoinder to the recognized bases for a finding of improper joinder of a non-diverse defendant.  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002).[12]  Nevertheless, a number of district courts within the Fifth Circuit have employed the fraudulent misjoinder analysis.  *See Tex. Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (Fish, J.) (collecting cases).  The Court assumes *arguendo* that fraudulent misjoinder could be a form of improper joinder, but concludes that Fidelity has not shown that it applies to this case.

---

[12]  It appears that the Eleventh Circuit continues to be the sole appellate court to have adopted fraudulent misjoinder as a form of improper joinder. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (noting that "[n]o circuit has rejected the doctrine, but the district courts and the commentators are split"); *In re Premprop Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) ("We make no judgment on the propriety of the doctrine in this case, and decline to either adopt or reject it at this time."); *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) (assuming without deciding that the Ninth Circuit would accept fraudulent misjoinder as a basis for finding improper joinder).

9

B.     **Fraudulent Misjoinder**

"Courts in this district and others in the Fifth Circuit ask two conjunctive questions in the fraudulent misjoinder analysis: (1) has one party been misjoined with another party in violation of the applicable state's joinder rules; and (2) is any misjoinder sufficiently 'egregious' to rise to the level of a fraudulent misjoinder?" *Martinson v. Total Petrochems. & Ref. USA, Inc.*, No. H-14-555, 2014 WL 2169970, at *2 (S.D. Tex. May 23, 2014) (Miller, J.) (citing *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F. Supp. 2d 780 (S.D. Tex. 2011) (Lake, J.)). Texas district courts have generally applied Rule 40 of the Texas Rules of Civil Procedure to the first question. *See id.*, at *2 n.1. Although there is "no generally applicable standard . . . to guide the determination of when misjoinder is so egregious as to be fraudulent," the district court in *Texas Instruments* outlined the three situations in which courts within the Fifth Circuit have found fraudulent misjoinder:

> (1) two or more lawsuits with little or no party overlap have been combined in the same action (*i.e.*, there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants); (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated.

266 F.R.D. at 149.

Even if Fidelity could show that DDX is not a proper party under the terms of Rule 40 of the Texas Rules of Civil Procedure, it has not made a showing of egregiousness to satisfy the requirements of *Tapscott* and its progeny.  Of the three categories of cases described by the *Texas Instruments* court, only the third is potentially applicable to this dispute because there is only one plaintiff, Li.  Fidelity must show that the claims against it and DDX are so unrelated, both factually and legally, that misjoinder is so egregious it must be considered fraudulent.

There is a factual nexus between Li's claims against Fidelity and DDX as alleged in the Amended Petition.  Li sued in Texas state court regarding transfers of ownership of the condominium, beginning with the execution of DDX's 2009 default judgment and culminating in Fidelity's ownership of the condominium.  Li alleges that the "sale/transfers of the Property by all parties were fraudulent under Texas Business and Commerce Code 24.005."  Amended Petition [Doc. # 1-2], at 3 (ECF page 11), ¶ 24.  While the Court need not and does not determine whether this relationship satisfies the requirements of Rule 40 of the Texas Rules of Civil Procedure, the factual relationship provides sufficient basis to conclude that any misjoinder in this action was not so egregious as to permit the Court to consider it fraudulent.  *Tapscott* is therefore inapplicable.  Defendant Fidelity proffers no

other basis on which the Court could disregard the citizenship of DDX in evaluating its subject matter jurisdiction.[13]

### C. Waiver

In the alternative, even assuming the Court could disregard DDX's non-diverse citizenship, Fidelity has waived its right to remove the action. It is axiomatic that "a party may [not] experiment on his case in the state court, and, upon an adverse decision, then transfer it to the federal court." *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893). A defendant will be deemed to have waived its right to remove a case to federal court if the removal effectively seeks appellate review of an adverse state court ruling. *See, e.g.*, *Johnston v. Tampa Sports Auth.*, 410 F. Supp. 2d 1143, 1145 (M.D. Fla. 2005) ("A defendant may not . . . after

---

[13] Fidelity argues that DDX has never been properly served nor participated in this litigation. Notice of Removal [Doc. # 1], at 3, ¶ 2.6; Response [Doc. # 7], at 10. It is well-established that "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, *regardless* of service or non-service upon the co-defendant." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (emphasis added); *see also Frazee v. Gen. Elec. Co.*, Civ. A. No. 2:15-cv-164, 2015 WL 4488588, at *2 (S.D. Tex. July 22, 2105) (Ramos, J.).

Fidelity also argues that the alleged improper nature of the service on DDX is evidence that Li failed "to prosecute [its] cause in good faith" against DDX and that failure is further evidence that "joinder was a sham and fraudulent." Response [Doc. # 7], at 10. Li obtained a default judgment against *both* DDX and Fidelity. Notice of Removal, Exh. F, Default Judgment, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. July 31, 2015) [Doc. # 1-2], at ECF pages 20–22. Li therefore prosecuted its claim against DDX to a final judgment. Fidelity's arguments regarding service on DDX are without merit.

having argued and lost an issue in state court, remove the case to federal court for what would be in effect an appeal of the state court's adverse decision.").[14]

In this case, Fidelity has requested the same relief in this Court that it was denied by the state court.  Fidelity entered a special appearance in Texas state court, challenging that court's personal jurisdiction over Fidelity and Li's service of process on Fidelity, contested whether Li had stated a claim for under the Texas Uniform Fraudulent Transfer Act, and moved for a new trial.[15]  The state court denied all of Fidelity's requests.[16]  In this Court, Fidelity has now moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim, and moved for relief from a final judgment pursuant to Federal Rule of

---

[14]     *See also Hernandez-Lopez v. Commonwealth of Puerto Rico*, 30 F. Supp. 2d 205, 209 (D.P.R. 1998); *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 42 (M.D. Ala. 1996); *Bourdier v. Diamond M Odeco Drilling, Inc.*, No. CIV. A. 93-3667, 1994 WL 25526, at *1 (E.D. La. Jan. 24, 1994); *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986); *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 863 (W.D. Pa. 1976); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York*, 329 F. Supp. 1175, 1178 (E.D.N.Y. 1971).

[15]     Notice of Removal, Exh. H, Defendant, Fidelity Investment Limited, Special Appearance Challenging Personal Jurisdiction, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Aug. 28, 2015) [Doc. # 1-2], at ECF pages 29–37; Notice of Removal, Exh. I, Special Appearance Defendant, Fidelity Investment Limited's, First Amended Motion for a New Trial, *Li v. Fidelity Inv. Ltd.*, Cause No. 2013-37945 (334th Dist. Ct., Harris County, Tex. Sept. 16, 2015) [Doc. # 1-2], at ECF pages 38–44.

[16]     Motion to Dismiss [Doc. # 5].

13

Civil Procedure 60(b). These grounds are federal counterparts to the state law grounds pursuant to which Fidelity unsuccessfully moved in state court prior to removal. Fidelity effectively seeks appellate review of adverse state court rulings. The Court therefore concludes that Fidelity waived its right to remove.

### D. Conclusion

It is undisputed that both Plaintiff Li and Defendant DDX are Texas citizens for the purposes of diversity jurisdiction. Therefore, the requirement of complete diversity of citizenship is not met. Further, even if Fidelity had established the elements of diversity jurisdiction, it has waived its right to remove the case because, in effect, it seeks appellate review of the state court's decision. The Court lacks subject matter jurisdiction over this action. The Motion to Remand is **granted**.

The Court exercises its discretion to **deny** Li's request for sanctions and attorneys' fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (noting that the decision to award attorneys' fees after improper removal is "left to the district court's discretion").

## IV. CONCLUSION

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction over this action. It is therefore

**ORDERED** that Plaintiff Xiaodong Li's Motion to Remand [Doc. # 6] is **GRANTED**.  The Court will issue a separate Remand Order.

SIGNED at Houston, Texas this 31st day of **December, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE